UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICHARD L. RUBIN, MD,** | * | CIVIL ACTION |
| **CAROLYN L. RUBIN,** AND | * | NO. _____ |
| **RACHAEL RUBIN SHERMAN** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **NON-FLOOD PROTECTION ASSET** | * | |
| **MANAGEMENT AUTHORITY,** | * | SECTION \_\_\_\_ |
| **J.P. & SONS DREDGING, L.L.C.,** | * | |
| **ABC INSURANCE COMPANY,** | * | MAG. _____ |
| AND **DEF INSURANCE COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AT LAW AND IN ADMIRALTY

**NOW INTO COURT,** through undersigned counsel come plaintiffs, Richard L. Rubin, M.D., Carolyn L. Rubin, and Rachael Rubin Sherman, who respectfully aver:

### I. PREFATORY STATEMENT

1. Plaintiffs plead a general maritime action at law and Libel in Admiralty pursuant to 28 U.S.C. 1333 for maritime torts causing damage to movable and immovable property, among other damages.

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction is afforded by 28 U.S.C. 1333.

3. Plaintiffs additionally invoke the election at Fed. R. Civ. P. 9(h).

4. Venue is proper pursuant to 28 U.S.C. § 1391 inasmuch the events and transactions giving rise to suit occurred upon navigable waters of the United States within the Eastern District of Louisiana.

- 2 -

## III. PARTIES

5. Plaintiff Richard L. Rubin, MD ("Dr. Rubin") is a Citizen of the United States of America, a person of the full age of majority residing and domiciled within the Eastern District of Louisiana.

6. Plaintiff Carolyn L. Rubin is a Citizen of the United States of America, a person of the full age of majority, residing in the Nation of Costa Rica.

7. Plaintiff Rachael Rubin Sherman is a Citizen of the United States of America, a person of the full age of majority, residing and domiciled in the State of Florida.

8. Defendant Non-Flood Protection Asset Management Authority ("NFPAMA") is a political subdivision of the State of Louisiana, the governing authority of the non-flood protection assets of the Orleans Levee District and the successor to the State of Louisiana and the former Board of Commissioners of the Orleans Levee District, all as provided under Louisiana Revised Statutes, Title 38, Section 330.12. La. Rev. Stat. 38:§330.12 (Added by Acts 2006, 1st Ex. Sess., No. 1, 51. Amended by Acts 2007, No. 133, 51, eff. June 25, 2007; Acts 2010, No. 1014, 52, eff. Aug. 15, 2010; Acts 2011, No. 363, 51, eff. June 29, 2011), and is and was at all times pertinent a maritime actor engaged in maritime commerce.

9. Defendant J.P. & Sons Dredging L.L.C. ("JPSD"), is a Louisiana limited liability company, licensed to do and doing business in the State of Louisiana, domiciled in the Eastern District of Louisiana, and is and was at all times pertinent a maritime actor engaged in maritime commerce.

10. Defendant ABC Insurance Company is a foreign, alien, or domestic insurer providing one or more policies of general casualty, maritime, wharfinger's, P and I, builders' all risk,

and/or other liability insurance to NFPAMA in full force and effect at all times pertinent, and which provides coverage for the types of liabilities and damages alleged herein;

11. Defendant DEF Insurance Company is a foreign, alien, or domestic insurer providing one or more policies of general casualty, maritime, wharfinger's, P and I, builders' all risk, and/or other liability insurance to JPSD in full force and effect at all times pertinent, and which provides coverage for the types of liabilities and damages alleged herein;

### III. FACTS

12. At all times pertinent hereto, Plaintiff Richard Rubin, M.D. was the lessee and holder of Orleans Marina Lake Pontchartrain marine water bottoms and adjacent waterfront ground owned by Defendant NFPAMA, bearing municipal address W. Roadway, BH#W-18, New Orleans, Louisiana 70124.

13. At all times pertinent, Plaintiffs Carolyn L. Rubin and Rachael Rubin were each the owners of an undivided fifty-percent interest in immovable property, namely marine Boathouse W-18, a marine facility located at the site of said water bottoms.

14. At all times pertinent Richard Rubin, M.D. was the owner of all movables and contents within and about Boathouse W-18.

15. At all times pertinent, Boathouse W-18 and its contents were situated on, above, and within a navigable waterway of the United States of America.

16. The lease in effect between Plaintiff Richard Rubin and NFPAMA expressly provides that the leased property is leased as a marine facility.

17. At all times pertinent, the NFPAMA was the guardian, custodian, possessor and/or owner by abandonment, reversion of title, or otherwise, of two marine boathouses and associated

water bottoms and contiguous lands, Boathouses W-19 and W-20, adjacent to the Plaintiffs' boathouse and leasehold interest, and adjacent to one another.

18. Since August 2005, W-19 and W-20 have been abandoned, uninhabited, and have not been maintained, resulting in unreasonably hazardous conditions, vices and defects posing serious risk of great harm to persons and property, and hazards to maritime navigation, of which NFPAMA had actual or constructive knowledge at all times pertinent.

19. *To wit*, Plaintiff Richard Rubin, M.D. was told by a marine construction contractor working on the Plaintiffs' property that W-19 and W-20 were structurally and integrally compromised and in danger of collapse onto the Rubin boathouse, of which Richard Rubin informed Defendant NFPAMA on July 7, 2015.

20. In response, NFPAMA did nothing, allowing the conditions of W-19 and W-20 to exacerbate and worsen.

21. These conditions and the occurrences and damages to be alleged further herein resulted proximately and directly from the operational recklessness or willful disregard of NFPAMA, whose conduct emanated from official policy, and/or with the participation of one or more NFPAMA official(s) with policy-making authority, and/or which conduct was subsequently ratified by NFPAMA.

22. On or about August 17, 2015, the adjacent W-19 and W-20 boathouses collapsed onto one another and onto the Rubin boathouse, causing extensive loss, damage and destruction of Plaintiff's movables and immovables, including but not limited to damage to and destruction of the boathouse, contents, accessories, appurtenances, and the dock, pilings and substructure.

- 5 -

23. NFPAMA subsequently contracted with Defendant JPSD to demolish and remove the collapsed adjacent properties and their slabs.

24. During the course of the demolition project, JPSD failed to, *inter alia*, adequately disconnect the utility lines that were connected to the adjacent boathouses and/or support the Rubin boathouse against damage and collapse, such that when JPSD removed utility lines the Rubin boathouse, contents, accessories, appurtenances, dock, pilings and substructure were further damaged and destroyed.

### IV.  CAUSES OF ACTION

25. The negligent acts and omissions of, and unreasonable hazards created and/or maintained by, NFPAMA and JPSD, are the direct and proximate legal cause and cause in fact of the damage to the Rubin boathouse and other damages alleged herein, and the substantial cause of same and/or substantial factors in causing same.

26. NFPAMA and JPSD are liable jointly, divisibly, severally and in solido to Dr. Rubin, Carolyn L. Rubin and Rachael Rubin Sherman for the damages to the Property caused by the collapse of the adjacent boathouses and/or the negligent demolition by JPSD and their loss of enjoyment of the Property.

27. Plaintiffs expressly plead the doctrine of pure maritime joint and several liability.

28. Plaintiffs allege in the alternative, notwithstanding any other allegations herein, that the damage caused by NFPAMA and JPSD is indistinguishable, and that each defendant, NFPAMA or JPSD and their respective insurers, may be held liable for the whole pursuant to the general maritime law.

29. Plaintiffs allege the maritime negligence of NFPAMA, and the tortious creation or maintenance of unreasonable maritime hazards, in the following nonexhaustive respects, in violation of the General Maritime Law:

   a. Failure to exercise reasonable care;

   b. Creation of and failure to abate maritime hazard;

   c. Failure to meet applicable standards of maritime care;

   d. Failure to abate potential navigation hazard;

   e. Failure to act as prudent owner, custodian and administrator of maritime properties and assets;

   f. Failure to uphold duties of care to Plaintiffs and others;

   g. Failure to warn;

   h. Failure to prevent or mitigate collapse of adjacent marine boathouses;

   i. Failure to act as prudent wharfinger;

   j. Failure to adequately train, instruct, oversee or supervise employees and agents;

   k. Any and all others proven.

30. Plaintiffs allege the maritime negligence of JPSD, and the tortious creation or maintenance of unreasonable maritime hazards, in the following nonexhaustive respects, in violation of the General Maritime Law:

   a. Failure to exercise reasonable care;

   b. Creation of and failure to abate maritime hazard;

   c. Failure to meet applicable standards of maritime care;

   d. Failure to abate potential navigation hazard;

    e.    Failure to act as prudent custodian of maritime properties and assets placed into its possession by contract;

    f.    Failure to uphold duties of care to Plaintiffs and others;

    g.    Failure to warn;

    h.    Failure to prevent or mitigate collapse of adjacent marine boathouses;

    i.    Failure to act as prudent maritime contractor;

    j.    Failure to adequately train, instruct, oversee or supervise employees and agents;

    k.    Any and all others proven.

31.    Plaintiffs expressly plead and aver that Defendants have been afforded actual notice of Plaintiffs' claims for damages due to the aforesaid conduct since the occurrences subject of suit, and suffer no prejudice due to the filing of this GML/Admiralty action.

### V.  DAMAGES

32.    Plaintiffs have incurred damages and seek a reasonable award of compensatory damages accordingly, and as follows.

33.    As a result of NFPAMA's maritime negligence, Plaintiffs movable and immovable property was substantially damaged, destroyed, and rendered unfit and uninhabitable absent significant repair or replacement, for which Plaintiffs seek compensatory damages in a reasonable amount;

34.    As a result of JPSD's maritime negligence, Plaintiffs movable and immovable property was substantially damaged, destroyed, and rendered unfit and uninhabitable, for which Plaintiffs seek compensatory damages in a reasonable amount;

35.    Plaintiffs suffer and continue to suffer past, present, and future loss of use, loss of enjoyment, property damage and destruction, inconvenience, increased costs associated

with Plaintiffs' efforts to mitigate losses, for which Plaintiffs seek compensatory damages in a reasonable amount;

36. Plaintiffs pray for punitive damages in a reasonable amount for property damage and destruction proximately and directly caused by the operational recklessness or willful disregard of NFPAMA, whose conduct emanated from official policy, and/or with the participation of one or more NFPAMA official(s) with policy-making authority, and/or which conduct was subsequently ratified by NFPAMA.

37. Plaintiffs pray for punitive damages in a reasonable amount for property damage and destruction proximately and directly caused by the operational recklessness or willful disregard of JPSD, whose conduct emanated from corporate policy, and/or with the participation of one or more JPSD official(s) with policy-making authority, and/or which conduct was subsequently ratified by JPSD.

38. To the extent that discovery herein produces further evidence of damages occasioned by conduct of the defendants, plaintiffs reserve the right to amend their pleadings to seek such additional sums against defendants.

**WHEREFORE,** Plaintiffs Richard L. Rubin, M.D., Carolyn L. Rubin, and Rachael Rubin Sherman pray that defendants Non-Flood Protection Asset Management Authority, J.P. & Sons Dredging L.L.C., ABC Insurance Company, and DEF Insurance Company be duly summoned and served and made to timely appear and answer this Complaint, and after due proceedings be had, there be judgment in favor of Richard L. Rubin, M.D., Carolyn L. Rubin, and Rachael Rubin Sherman against the defendants Non-Flood Protection Asset Management Authority, J.P. & Sons Dredging L.L.C., ABC Insurance Company, and DEF Insurance Company jointly, severally, divisibly, and

in solido for all compensatory and punitive damages, together with prejudgment interest and all legal and equitable relief as may be allowed by law.

>Respectfully submitted,
>
>CONROY LAW FIRM, PLC
>
>By: */s/ Brian A. Gilbert*
>STEPHEN K. CONROY (Bar No. 4343)
>BRIAN A. GILBERT (Bar No. 21297) T.A.
>3838 N. Causeway Boulevard, Suite 3130
>Metairie, Louisiana 70002
>Telephone: (504) 830-3450
>Facsimile: (504) 830-4535
>Email: bgilbert@conroylawfirm.com
>sconroy@conroylawfirm.com
>
>*Attorneys for Richard L. Rubin, M.D., Carolyn L. Rubin, and Rachael Rubin Sherman*